IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KAREN CARIS, Personal Representative of the Estate of Lori A. Wiens, Deceased; and ROBERT PETERS, Father and Next Friend of J.P. and D.P., Minor Children;**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**KIRAT ROADLINES INC, a California corporation; and GURJEET SINGH,**<br><br>**Defendants.** | **7:23CV5002**<br><br>**ORDER** |

This matter comes before the Court on the Motion to Strike (Filing No. 19) filed by Defendants. Defendants move the Court for an order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure striking two photographs from Plaintiff's Amended Complaint as immaterial, improper, and impertinent. For the following reasons, the Court will grant the motion.

## BACKGROUND

Plaintiffs, the personal representative and next of kin of the decedent, Lori Wiens ("Lori"), filed this action against the defendants on July 20, 2023, seeking damages arising out of a motor vehicle collision that occurred on May 5, 2023, when Defendant Gurjeet Singh ran a red light in his semi-truck and collided with the vehicle containing Lori and her two nieces, J.P. and D.P., killing Lori. (Filing No. 2). Paragraph 25 of Plaintiffs' Amended Complaint (Filing No. 2) alleges, "[Lori] was a bright light in the Peters' family's life. In her last will and testament, [Lori] named [D.P.], [J.P.], Lydia and Tirzah as the beneficiaries of her Estate, which reflects [Lori]'s care and love for the girls." Contained in paragraph 25 are two undated, unlabeled photographs: one of a woman smiling by herself, and another of the same woman posing for a photograph with four young girls and an adult man.[1] (Filing No. 2 at p. 7). Defendants have moved to strike the two photographs from Plaintiffs' Amended Complaint. (Filing No. 19).

---

[1] Plaintiffs state in their brief opposing the motion that the photographs include "the three people [Defendant Singh] crashed into." (Filing No. 25 at p. 5) .

## ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matters are those which have "no essential or important relationship to the claim for relief or the defenses being pleaded," *CitiMortgage, Inc. v. Just Mortgage, Inc.*, Case No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013), and impertinent matters are "statements that do not pertain, and are not necessary, to the issues in question," *Warner v. Little John Transportation Servs., Inc.*, No. 5:19-CV-05042, 2019 WL 1531272, at *2 (W.D. Ark. Apr. 9, 2019) (quoting 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.)). An allegation contained in a pleading is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *CitiMortgage, Inc. v. Just Mortgage, Inc.*, Case No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013). "[I]mpertinent' matter[s] consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). "Understood in this context, asking whether a matter pertains to issues in question is the same as asking whether it is relevant." *Warner*, No. 5:19-CV-05042, 2019 WL 1531272, at *2.

"Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001)). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.* (citing *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "[T]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Williams v. Averitt Express*, No. 8:15CV464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016). "Motions to strike are often considered 'time wasters,' and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1194 (D. Neb. 2015) (citations omitted). "[D]espite this, it is sometimes appropriate to strike pleadings[.]" *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021), cert. denied, 142 S. Ct. 2675 (2022) (citing *BJC Health*, 478 F.3d at 916-18).

Defendants move to strike the photographs from Plaintiffs' Complaint, asserting "the language of the Federal Rules of Civil Procedure does not contemplate photographs or other objects in the pleadings." (Filing No. 20 at p. 2). Like Judge Zwart in *Poole v. City of Lincoln*,

the undersigned magistrate judge "do[es] not endorse this blanket rule" because in some cases "(e.g., claims alleging misappropriation of a trademark or copyright) a picture can truly be worth, and effectively replace, a thousand words." No. 4:21CV3030, 2021 WL 2935899, at *16 (D. Neb. July 13, 2021); see also *Brizuela v. City of Sparks*, No. 319CV00692MMDWGC, 2021 WL 4150936, at *11 (D. Nev. Sept. 13, 2021) ("[T]here is no blanket rule that even graphic images may not be included in pleadings.") (citing *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1245-47 (D. Kan. 2012)).

Nevertheless, the undersigned magistrate judge finds the photographs in this case should be stricken because their relationship and relevance to the underlying controversy is not clear from the Amended Complaint. In *Poole*, a plaintiff was suing government defendants for serious injuries she sustained when police shot rubber bullets at protesters while participating in a peaceful protest. Magistrate Judge Zwart denied the defendants' motion to strike photographs from the plaintiff's complaint, which according to the complaint, purported to show "(1) the location of the protesters on the night of [the plaintiff's] alleged injuries; (2) the position of the law enforcement officers as they moved toward the protesters; and, (3) the aftermath of [the plaintiff's] encounter with the gathered officers." In denying the motion to strike, Magistrate Judge Zwart stated, "There is a relationship and logical connection between the photographs and the subject matter of this action, and the plaintiff[']s use of photographs is not overdone or perceived as a ploy to garner public attention to this case." *Poole*, No. 4:21CV3030, 2021 WL 2935899, at *16.

In this case, Plaintiffs assert the photographs are relevant to their claim for damages, which include "loss of comfort, care, companionship and consortium in a wrongful death cause of action, and damages include mental anguish in a personal injury cause of action." (Filing No. 25 at p. 5). However, the two photographs in the Amended Complaint do not purport to show anything, as they are not labeled or dated. One can presume they depict some or all of the plaintiffs at some point prior to the accident, but review of the Amended Complaint simply does not make that clear. Although the circumstances of the underlying incident as alleged in the Amended Complaint are certainly tragic, Plaintiffs have pled fairly standard personal injury and wrongful death claims arising out of a motor vehicle collision. The two unlabeled photographs are not clearly part of Plaintiffs' claims for relief, and do not purport to support any element of the claims against Defendants, such as the accident site or other circumstance relevant to Plaintiffs' claims. The Court finds the photographs do not add to the substance of the complaint, as it is unclear what

3

purpose and relationship these unlabeled photographs have to the underlying controversy. As such, their presence in the operative pleading are immaterial and unnecessary, and should be stricken. See, e.g., *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2015 WL 8024320, at *2 (D. Kan. Dec. 4, 2015) (striking 32 graphic photographs of a plaintiff's electrical burns because "[t]he purpose of the complaint is not to prove a plaintiff's case, but to state a clear, plausible claim for relief which places defendant on notice. Plaintiff's First Amended Complaint appears to have accomplished its purpose. The photographs do not add to the substance of the complaint, and are therefore immaterial."); see also *Charter Commc'ns, Inc. v. Smith*, No. 4:05CV00333 SNL, 2005 WL 8176956, at *9 (E.D. Mo. Oct. 25, 2005) (quoting *NN&R Inc. v. One Beacon Ins. Group*, 362 F. Supp.2d 514, 525 (D. N.J. 2005)) ("The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."). Accordingly,

**IT IS ORDERED:** Defendants' Motion to Strike (Filing No. 19) is granted. The two photographs contained in paragraph 25 of Plaintiffs' First Amended Complaint are stricken.

Dated this 30th day of October, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge